

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2008

# Torres v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1153

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Torres v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1445.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1445

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1153
No. 07-1154
_____

RODRIGO TORRES - 07-1153
REINALDO MOTTA - 07-1154

Petitioners,


v.


Attorney General of the United States,

Respondent.


_____


On Petition for Review from an
Order of the Board of Immigration Appeals
(Board Nos. A98-493-260, A98-493-261)
Immigration Judge:  Mirlande Tadal
_____


Submitted Under Third Circuit LAR 34.1(a)
March 7, 2008

Before: BARRY, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed: March 14, 2008 )


_____


OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

In this consolidated appeal, Rodrigo Torres and Reinaldo Motta challenge the

Board of Immigration Appeals' denial of their petitions for withholding of removal.

Appellants argue that the Immigration Judge (IJ) erred by refusing to consolidate their

petitions and by determining that they did not meet the standard for withholding. We will

deny the petitions for review.

## I.

Torres and Motta are Colombian natives. They are HIV-positive gay men who

entered the United States on I-94 visas in 1999. Although they registered as partners

under the New Jersey Domestic Partnership Act of 2003, neither man applied for asylum.

In separate oral opinions dated August 8, 2005, the IJ denied their petitions for

withholding of removal and Convention Against Torture protection. The BIA adopted

and affirmed the IJ's decisions in identical per curiam opinions.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because the BIA not only

adopted the IJ's decisions but also expanded upon them, our review encompasses both

decisions. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004).

Appellants first argue that, because they are a "family unit," the IJ erred in refusing

to consolidate their petitions. An IJ may consolidate the cases of different petitioners to

promote administrative efficiency as long as hearing the cases together does not deny the

2

petitioners the right to fully litigate their claims. 8 C.F.R. § 1240.1(a)(iv); *Matter of Taerghodsi*, 16 I&N Dec. 260, 262-63 (BIA 1977). Typically, consolidation is used where a family member claims derivative asylum status through another family member, or where two petitions rely on the same events. *See, e.g.*, *Segura v. Att'y Gen.*, 240 Fed. Appx. 347, 348-49 (11th Cir. 2007); *Jabba v. Att'y Gen.*, 195 Fed. Appx. 883, 884 n.1 (11th Cir. 2006). Consolidation is not required, however, and is generally disfavored because of its potential to deprive petitioners of procedural due process rights. *See United States v. Barraza-Leon*, 575 F.2d 218, 220 (9th Cir. 1978); *Taerghodsi*, 16 I&N Dec. at 263.

In the case at bar, the IJ did not abuse her discretion when she decided to hear Appellants' petitions separately. First, even if Appellants constitute a "family unit," there is no derivative status for family members under the withholding of removal statute. *See* 8 U.S.C. § 1231(b)(3); *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005). Second, Appellants' petitions do not rely exclusively on the same incidents of alleged persecution. Finally, Appellants were not prejudiced by the IJ's refusal to consolidate because that did not prevent Torres or Motta from testifying at each other's hearings.

III.

Appellants next argue that the agency's denials of their petitions were not supported by substantial evidence as required by *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). Appellants were obligated to show that it was more likely than not that their

3

"life or freedom would be threatened" upon their return to Colombia "because of their race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b); *Amanfi v. Ashcroft*, 328 F.3d 719, 725 (3d Cir. 2003). The threat of persecution must be "severe" and "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993).

We assume without deciding that Appellants are members of a particular social group. *See Amanfi*, 328 F.3d at 730; *Matter of Toboso-Alfonso*, 20 I&N Dec. 819, 822 (BIA 1990). Nevertheless, substantial evidence supports the BIA's conclusion that Appellants failed to carry their burden of demonstrating a clear probability that they would be persecuted in Colombia. *INS v. Stevic*, 467 U.S. 407, 424 (1984). Torres testified that he was fired from a job because a secretary discovered his relationship with Motta. Motta testified that he was arrested and briefly detained during a police raid on a discotheque. Although these incidents are evidence that Torres and Motta were harassed and discriminated against, they do not rise to the level of persecution. *See Fatin*, 12 F.3d at 1240; *Ahmed v. Ashcroft*, 341 F.3d 214, 218 (3d Cir. 2003); *Kibinda v. Att'y Gen.*, 477 F.3d 113, 119 (3d Cir. 2007).

Nor does the documentary evidence in the record compel the conclusion that Appellants face a clear probability of future persecution, *see* 8 C.F.R. § 1208.16(b)(2),

4

because it shows increasing tolerance of homosexuals in Colombia.[1]  Accordingly, we

find that substantial evidence supports the agency's determination that Appellants are not

entitled to withholding of removal.  For the foregoing reasons, Appellants' petitions for

review will be denied.

---

[1]  For example, the Colombian military permits openly gay men to serve in its forces, and the Colombian Constitutional Court ruled that teachers cannot be dismissed because of their sexual orientation.