Cruz v. Sessions

BIA
Straus, UJ
A079 076 335

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

———————————————————————

ESTHER FRANCISCA CRUZ,

      *Petitioner,*

      v.                                          15-1321

JEFF SESSIONS, UNITED STATES ATTORNEY GENERAL,

      *Respondent.*

———————————————————————

| | |
|---|---|
| For Petitioner: | MARY FODEN, De Castro Foden, Hartford, CT. |
| For Respondent: | Benjamin C. Mizer, Assistant Attorney General; Shelley R. Goad, Assistant Director; TIM RAMNITZ, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Esther Francisca Cruz, a native and citizen of Peru, petitions for review of a March 26, 2015, decision of the BIA affirming the November 15, 2012, decision of an Immigration Judge ("IJ"), ordering her removed and affirming the denial by U.S. Citizenship and Immigration Services ("USCIS") of her joint petition to remove the conditions on her residence. *In re Esther Francisca Cruz*, No. A079 076 335 (B.I.A. Mar. 26, 2015), *aff'g* No. A079 076 335 (Immig. Ct. Hartford Nov. 15, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence, and we review questions of law and the application of law to undisputed fact de novo. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Under substantial evidence review, we treat the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

The Immigration and Nationality Act (INA) provides that an alien who obtains permanent resident status based on marriage to a U.S. citizen is considered to have obtained such status on a conditional basis. 8 U.S.C. § 1186a(a)(1). To remove the conditions, the alien and the U.S.-citizen spouse must jointly petition by filing a Form I-751 with the Secretary of Homeland Security during the 90-day period before the second anniversary of the grant of conditional permanent residency and must appear for an interview. *Id.* § 1186a(c)(1), (d)(2)(A). If the

2

agency determines that the stated facts and information associated with the joint petition are not true, the agency terminates the permanent resident status of the alien spouse. *Id.* § 1186a(c)(3)(C). If the joint petition is denied, "the conditional resident may request review of that determination in a removal proceeding." *Boluk v. Holder*, 642 F.3d 297, 302 (2d Cir. 2011); 8 U.S.C. § 1186a(c)(3)(D). The burden of proof is on the Government in such a proceeding "to establish, by a preponderance of the evidence, that the facts and information [contained in the joint petition] are not true with respect to the qualifying marriage." *Boluk*, 642 F.3d at 302 (quoting 8 U.S.C. § 1186a(c)(3)(D)).

The agency correctly determined that the Government met its burden to show that "the facts in [Petitioner's joint] petition were untrue" regarding her marriage, and that the petition was properly denied by USCIS, based on the following factual findings that are supported by substantial evidence. *See* CAR 4, 995; *see generally* 8 U.S.C. § 1252(b)(4)(B).

First, the agency reasonably determined that Petitioner concealed that the home she supposedly lived in with her husband Hector ("the Freeman Street Property") was jointly owned by her and the man who fathered her three children in Peru, Mario Levano, and that Hector Cruz altered a lease agreement to conceal that Petitioner and Levano owned the property together. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) ("[R]ecord support for a contrary inference — even one more plausible or more natural — does not suggest error . . . . So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding."). This determination was supported by Petitioner's subsequent testimony that she bought the Freeman Street Property with Levano in August 2005, Petitioner's omission of that information from her joint petition, and Hector Cruz's admission that he created the fraudulent lease by duplicating another lease preceding Petitioner and Levano's purchase of the home and altering the dates to cover the period during which Petitioner and Levano already owned the home. The IJ was not compelled to credit Petitioner's explanation that Hector Cruz submitted all

3

of the documents to USCIS and reasonably found both that Petitioner concealed her and Levano's joint ownership of the Freeman Street Property and that Hector Cruz's explanation for the altered lease was not credible. S*ee id.* at 168–69; *cf. Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Second, the agency reasonably found that, during her 2006 interview, Petitioner was not honest with USCIS about whether Levano lived in the United States. *See Siewe*, 480 F.3d at 168–69. This determination was supported by the USCIS officer's testimony and contemporaneous notes, which reflect that Petitioner stated that Levano "resides in Peru." Petitioner's explanation — that she was asked only about Levano's then-current location and her daughters had told her he was traveling in Peru — was not compelling because it did not explain the discrepancy in the USCIS officer's notes and was consistent with her attempt to hide the fact that she and Levano bought a house together. *See id.* at 168–69; *cf. Majidi*, 430 F.3d at 80.

Third, the agency reasonably found that Petitioner and Hector Cruz provided different addresses for their marital home. *See Siewe*, 480 F.3d at 168–69. This determination was supported by their submitted tax records, which listed various addresses among Petitioner's and Hector Cruz's W-2s and their joint tax returns. When asked about these discrepancies, Hector Cruz testified that he put his friend's address on his W-2s to avoid harassment because he had bad credit, which contradicted Petitioner's testimony that the address belonged to Hector Cruz's sister. The IJ was not compelled to credit these inconsistent explanations. *See id.* at 168-69; *cf. Majidi*, 430 F.3d at 80.

Petitioner's argument that the IJ improperly placed the burden of proof on her to prove that her marriage was bona fide is contradicted by the record. She also argues that she was denied due process by the consolidation of her case with Levano's. We disagree. "[I]t is within

4

the power of the immigration judge to consolidate proceedings, if such consolidation does not serve to deny the respondent the right to fully and clearly litigate his claims." *Matter of Taerghodsi*, 16 I. & N. Dec. 260, 263 (B.I.A. 1977). Further, "[p]arties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). Petitioner contends that Levano's testimony influenced the IJ's 2011 decision and therefore denied her a fair hearing. However, Petitioner received a full and fair opportunity to challenge the denial of her joint petition and, as explained above, each of the agency's factual findings is supported entirely by the testimony of Petitioner and Hector Cruz and the documents submitted in support of their joint petition. Petitioner has therefore failed to show that she was prejudiced by the IJ's decision to consolidate the cases. *Garcia-Villeda*, 531 F.3d at 149.

We decline to consider Petitioner's unexhausted argument that the IJ improperly adopted his reasoning from a prior decision. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory for petitions for review from the BIA).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in connection with this petition is VACATED, and any pending motion for a stay of removal in connection with this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5